395 S.E.2d 211 (1990)
Raymond Lewis LAVINDER, III, Appellant,
v.
COMMONWEALTH of Virginia, Appellee.
Record No. 0303-89-3.
Court of Appeals of Virginia.
July 31, 1990.
Rehearing En Banc Granted August 24, 1990.
John Gregory, Jr., Salem, for appellant.
Robert Q. Harris, Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen., on brief), for appellee.
Present: BARROW, BENTON and COLEMAN, JJ.
*212 BARROW, Judge.
In this criminal appeal of a conviction of robbery, we hold that a prosecutor may not impeach the defendant with evidence of prior juvenile adjudications and that the attempt to do so in this case was not harmless error.
The defendant was on trial for robbery of an employee of a music store who was en route to make a night deposit at a bank. The employee who was robbed and another employee who was with him at the time of the robbery, testified that the defendant was the robber. A nearby shopkeeper identified the defendant as the person whom she saw run past her when she heard cries from the employee who was robbed. A fourth person testified that he had seen the defendant in the vicinity at the time of the robbery. One of the defendant's friends, the defendant's mother, the mother's boyfriend, and the defendant testified that at the time of the robbery the defendant was at his home.
During cross-examination, in response to the prosecution's questions, the defendant acknowledged that as a juvenile he had been found not innocent of two felonies. The trial court previously had ruled during a motion in limine, over the defendant's objection, that the prosecutor could ask the defendant on cross-examination whether he had been found not innocent of these offenses.
An accused is constitutionally guaranteed the right to confront witnesses against him. U.S. Const. amend. VI. This guarantee includes the right of cross-examination, Douglas v. Alabama, 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934 (1965). An accused's right to cross-examine a witness may outweigh a state's interest in preserving a juvenile offender's anonymity. Davis v. Alaska, 415 U.S. 308, 320, 94 S.Ct. 1105, 1112, 39 L.Ed.2d 347 (1974). The sixth amendment right of confrontation, however, extends only to an accused, not to the prosecution. The prosecution's cross-examination may, therefore, be limited by a state policy preserving a juvenile offender's anonymity.
The Supreme Court has held that Virginia's juvenile law expresses a policy restricting the use of juvenile court records. Kiracofe v. Commonwealth, 198 Va. 833, 844, 97 S.E.2d 14, 21 (1957). In accord with that policy, the Court has held that juvenile court dispositions may not be used to impeach the credibility of a juvenile. Id. at 845, 97 S.E.2d at 22.
The applicable statutes in effect at the time of the Kiracofe decision have since been repealed and a new statutory scheme has replaced them. 1977 Va. Acts ch. 559. Certain provisions of the old statutory law have been deleted or changed. See McCain v. Commonwealth, 5 Va.App. 81, 87, 360 S.E.2d 854, 858 (1987). One such change permits a finding of guilt rather than a finding that a juvenile is "within the purview of the law." See Code § 16.1-308.
The Kiracofe decision, however, did not rest on the terminology used or any other single provision. The Kiracofe decision rested instead on the remedial character of the law and the expressed policy that juvenile court records should not be used in the same manner as records of courts of general jurisdiction. Kiracofe, 198 Va. at 844, 97 S.E.2d at 21.
The current juvenile law continues to express the same basic policy and remains "remedial in character." Code § 16.1-227. The "welfare of the child and the family" is its "paramount concern." Id. Although one of its purposes is to "protect the community," of equal weight is its purpose to divert children, to the extent possible, from the juvenile justice system. Id.
In furtherance of these goals the current juvenile law continues to treat guilty adjudications as non-criminal. A guilty finding does not "impose any of the disabilities ordinarily imposed by conviction for a crime." Code § 16.1-308.
The current juvenile law expresses a strong interest in the confidentiality of juvenile court records. See Code §§ 16.1-299 to 16.1-309.1. The current law provides for confidentiality of court records, law enforcement records, and records of the Department of Corrections, if they involve juveniles. Code §§ 16.1-305, 16.1-301 and *213 16.1-300. Fingerprinting and photographing of children are restricted. Code § 16.1-299. Provision is made for the expungement and sealing of court records involving juveniles. Code § 16.1-306. In addition, criminal penalties are provided for those who wrongly disclose information concerning juvenile court records or proceedings. Code § 16.1-309.
Although the statute in effect at the time of the Kiracofe decision has been repealed and replaced, the General Assembly's concern for protecting the confidentiality of juvenile records remains unequivocally expressed in the current law. We conclude, therefore, that the trial court erred in allowing the prosecution to cross-examine the defendant regarding his juvenile court adjudications.
The Commonwealth, however, argues that even if this was error, it was harmless. In a criminal case, unless the Commonwealth establishes that an error is harmless beyond a reasonable doubt, the conviction must be reversed. White v. Commonwealth, 9 Va.App. 366, 370-71, 388 S.E.2d 645, 647 (1990). This standard applies to any error whether it is of constitutional dimension or not. Id. at 371-73, 388 S.E.2d at 648.
Generally, an error is "presumed to be prejudicial unless it plainly appears that it could not have affected the result." Caldwell v. Commonwealth, 221 Va. 291, 296, 269 S.E.2d 811, 814 (1980). If a curative instruction is given, there is, instead, a presumption that the jury followed the instruction and disregarded improper evidence. LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983). Since there was no curative instruction given in this case, we must presume that the error was prejudicial, "unless it plainly appears that it could not have affected the result." Caldwell, 221 Va. at 296, 269 S.E.2d at 814; see also Code § 8.01-678. Furthermore, where, as in this case, an "error is prejudicial on its face but other untainted evidence of guilt is asserted to be overwhelming, the untainted evidence must be conclusive." White, 9 Va.App. at 373, 388 S.E.2d at 648.
Evidence of the defendant's guilt consisted of testimony from four eyewitnesses: two witnesses said that he was the person who committed the robbery; a third witness said she saw him running away from the scene of the robbery; and a fourth witness said he had seen him in the vicinity of the robbery. The defendant and three witnesses contradicted this testimony and testified that he was at home at the time of the robbery and, therefore, could not have committed it. An eyewitness' identification of the perpetrator of the crime cannot be conclusive if contradicted by other eyewitnesses who placed the defendant at a place other than the scene of the crime. White, 9 Va.App. at 373-75, 388 S.E.2d at 649. For this court to conclude otherwise, it would have to substitute its judgment regarding the weight of the evidence for that of the jury.
We conclude, therefore, that allowing the prosecution to cross-examine the defendant concerning his juvenile record was error and was not harmless beyond a reasonable doubt. The defendant's conviction is, therefore, reversed and the proceeding is remanded for a new trial.
Reversed and remanded.